## V. H. BUOYE AND OTHERS v. TONY FOLDESI.[1]

April 9, 1926.

No. 25,160.

**Charge to jury respecting note given for tractor.**
     There was no error in charging the jury that it might find that a
note given for a tractor, which was taken back by the vendors and
another delivered to the vendee, was by the understanding of the
parties given for the second one.

Sales, 35 Cyc. p. 578 n. 15.

Action in the district court for Le Sueur county on a promissory
note. The case was tried before Tifft, J., and a jury which returned
a verdict in favor of plaintiffs. Defendant appealed from an order
denying his motion for a new trial. Affirmed.

*Charles C. Kolars*, for appellant.

*L. W. Prendergast*, for respondents.

DIBELL, J.

Action on a promissory note. There was a verdict for the plain-
tiffs. The defendant appeals from an order denying his motion for
a new trial.

On August 26, 1920, the defendant gave the plaintiffs his promis-
sory note for $1,500 in purchase of a farm tractor. Upon its demon-
stration he was dissatisfied; and his claim in short is that the sale
was rescinded after the note was given, by mutual consent.

The plaintiffs concede that the defendant was dissatisfied with the
tractor. They claim that he wanted in its place one which they had
in their store in town; that they told him that if he would give them
the note he might have it; that he then signed and delivered the
note; and that the tractor was brought out to his farm, and used for
a long while.

[1]Reported in 208 N. W. 422.

The defendant further claims, as a defense if it be found that the note was given for the second tractor, that there was a breach of the plaintiffs' warranty relative to it; and no objection is made of the manner in which the question of breach of warranty was submitted.

It is conceded that the note in suit was given for a tractor; and that only one note was given. If it was given for the first tractor, as the defendant claims, and that contract was rescinded, and nothing done about a second tractor to take its place, there can be no recovery. If the note was given for the second tractor, in the way the plaintiffs claim, the recovery is sustained. The court put the two theories before the jury in a way to which there was no exception; but counsel for the defendant, apparently fearing that there might be some confusion as to his two defenses, namely, that the note was given for the first tractor which was returned, and the contract therefore rescinded, and his defense that if it should be found that the note was given for the second tractor there was a breach of the warranty, made a suggestion at the close of the charge which is best understood by quoting the record:

"Mr. Kolars: Your Honor, in the charge the court stated it is for the defendant to satisfy the jury that his defense is true. We have two defenses—so there will be no confusion, if we establish either defense the verdict must be for the defendant.

"The court: That is true. That is, if the jury is satisfied that the note was not given for the second tractor—

"Mr. Kolars: For the second tractor, the verdict must be for the defendant.

"The court: But, in determining that question the jury has the right to take into consideration all the facts and circumstances in the case, and it is not necessary for the plaintiffs to say this note is for, was given for this particular tractor, if the acts and conduct and the demeanor of the parties and all the surrounding circumstances show that it was the intention of the parties that this note should be received and accepted for the second tractor even if it had been given in the first place for the first tractor, then the jury have the right to determine it was given for the second tractor.

"Mr. Kolars: I take an exception to that for the reason that the pleadings, the plaintiffs' pleading does not make that an issue, and of course we could not go into that proposition from that standpoint."

If the jury believed, as the defendant claimed the fact to be, and contrary to the claim of the plaintiffs, that the note was given for the first tractor, and then believed, as the plaintiffs claimed the fact to be, that the understanding was that the second tractor was taken in place of the first one, though it believed that the note was not executed specifically for it, but for the first one, it might find that the note stood as payment for the second. This was the thought of the court in its added instruction. We think the evidence and the course of trial authorized the submission. If there was a right of recovery on the note by taking part of the plaintiffs' testimony and rejecting part, and likewise taking part and rejecting part of that of the defendant, and the jury based their verdict upon such theory, the verdict should stand. No one was misled. The defendant apprehended that it might be found that the note was for the second tractor. That is why he pleaded a breach of warranty. He is not wronged if the jury took his view that the note was given originally for the first tractor, and the plaintiffs' view that the second tractor was brought to his farm in place of the first one, and from the evidence before it concluded that the note was to stand for the second one.

Order affirmed.